IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVONTE LINDSEY, )
#462404, )
 )
      Plaintiff, )
 )
vs. ) Case No. 18-CV-1166-JPG
 )
C/O COMPTON, )
C/O HERNDON, and )
SGT. COLLINS, )
 )
      Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Devonte Lindsey, an apparent pretrial detainee currently housed at St. Clair County Jail ("Jail), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff claims that three Jail officials failed to protect him from an attack by other detainees at the Jail in November 2016. He seeks monetary relief.

This case is now before the Court for a preliminary review[1] of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

---

[1] The Complaint and a Motion for Leave to Proceed *in Forma Pauperis* ("IFP Motion) were filed on May 29, 2018. (Docs. 1 and 2). Plaintiff's IFP Motion, however, was incomplete. (Doc. 5). Plaintiff provided the additional materials in support of his IFP Motion on June 20, 2018. (Docs. 6, 7). Accordingly, the Complaint is now ripe for screening.

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: In November 2016, Plaintiff was housed in H-Block at the Jail. (Doc. 1, p. 5). The cell doors in H-Block do not lock, and Plaintiff was housed with "foes" he had "previous altercations with." *Id.* According to Plaintiff, some inmates had a habit of exiting their cells after lockdown to "taunt, bully, and fight" other inmates, and, at times, "multiple aggressors would fight one inmate." *Id.* Plaintiff claims that "this" happened to him around 11:00 pm, when he was "slammed on [his] neck and head." Plaintiff also claims that, during another fight, presumably under similar circumstances, he was injured, requiring stitches in his face. *Id.* After the second incident, Plaintiff was transferred to another section of the Jail. *Id.*

According to the Complaint, prior to being housed on H-Block, Plaintiff told "jail staff" that he had been in altercations with other inmates housed in H-Block. But, "they" disregarded Plaintiff's concerns. *Id.* Plaintiff also claims he told C/O Compton, C/O Herndon, and C/O

2

Collins about "these dangerous conditions before they occurred," and claims that these individuals knew the doors on H-Block did not lock and knew that an incident was likely. *Id.* Plaintiff also claims that he turned in complaints to C/O Compton. *Id.* Despite Plaintiff's complaints, Defendants did not take any steps to prevent the alleged altercations.

Plaintiff claims that dangerous conditions at the Jail persist because inmates are housed in cells that do not lock. *Id.* As a result, Plaintiff does not feel safe when he sleeps and is experiencing emotional and physical stress. *Id.*

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following Count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this Count does not constitute an opinion regarding its merit.

> **Count 1 –** Compton, Herndon, and Collins failed to protect Plaintiff from a known and substantial risk of serious harm, in violation of the Fourteenth Amendment.

### Count 1

Plaintiff's failure to protect claim appears to arise under the Due Process Clause of the Fourteenth Amendment, which applies to pretrial detainees and prohibits punishment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). "Jail officials have a duty to protect inmates from violent assaults by other inmates." *Rice ex rel. Rice v. Corr. Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1988)); *see also Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). However, a constitutional violation does not occur "every time an inmate gets attacked by another inmate." *Dale v. Poston*, 548 F.3d 563, 569 (7th

Cir. 2008). Jails, "after all, are dangerous places often full of people who have demonstrated aggression." *Id*.

Accordingly, a defendant can be held liable for a breach of the duty to protect only when he is aware of a substantial risk of serious injury and fails to take appropriate steps to protect an inmate from a known danger. *Rice*, 675 F.3d at 669. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 480–81 (7th Cir. 2015) (citations omitted). A plaintiff can also prove actual knowledge by demonstrating that a correctional official was aware of an obvious risk. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001).

But a plaintiff cannot show that a defendant officer was on notice of a substantial risk of harm by pointing to a surprise attack, with no advance warning of either the plaintiff's vulnerability or the assailant's predatory nature. *See Guzman v. Sheahan*, 495 F.3d 852, 857–58 (7th Cir. 2007); *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005). Moreover, allegations that a defendant disregarded "a generalized risk of violence [are] not enough." *Wilson v. Ryker*, 451 F.App'x. 588, 589 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004)). Instead, Plaintiff must establish that the defendant consciously disregarded a "tangible threat to his safety or well-being." *Id*. (citing *Grieveson*, 538 F.3d 763, 77 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (noting distinction between actual and feared exposure))

In the instant case, Plaintiff claims he told C/O Compton, C/O Herndon, and C/O Collins about "these dangerous conditions before they occurred," and claims that these individuals knew the doors on H-Block did not lock and knew that an incident was likely. *Id.* When the

4

Complaint is viewed in its entirety and liberally construed, this allegation suggests that Plaintiff told Defendants his safety was in jeopardy because (1) he was housed with inmates that intended to harm him; (2) the cell doors in H-Block could not be locked; and (3) it was common for inmates to take advantage of the unlocked cells by attacking other inmates at night when H-Block was on lockdown. This is sufficient, at this early stage, to allow Count 1 to proceed. Discovery will shed light on whether Defendants were, in fact, on notice of a substantial risk of harm to Plaintiff and consciously disregarded the same.

### Pending Motions

Plaintiff's IFP Motion (Doc. 2) will be addressed in a separate order of the Court.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1,** will proceed as to **COMPTON, HERNDON,** and **COLLINS**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **COMPTON, HERNDON,** and **COLLINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if

not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 27, 2018**                                              s/J. Phil Gilbert
                                                                       **U.S. District Judge**