# IN THE DISTRICT COURT
# OF THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVONTE LINDSEY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18–cv–1166–JPG–DGW |
| | ) |
| SHĀN COLLINS, TROY COMPTON, | ) |
| and STEVE HERNDON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for a HIPAA Protective Order. (Doc. 24). The Court, being fully advised of the premises, hereby finds Defendants' Motion is **GRANTED** for the reasons stated herein:

The motion seeks protection of medical records of Plaintiff, Devonte Lindsey, including any requests for medical treatment. A protective order to restrict the use of records of healthcare and medical treatment is in accord with the Health Insurance Portability and Accountability Act (HIPAA), PL 104–191 (HR 3103). Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material. Defendants stipulate that Plaintiff's medical records will only be used for the purposes of this litigation, and that a protective order will secure Plaintiff's protected health information from unauthorized disclosure. The Court finds that good cause exists for issuance of an order permitting disclosure of such information, and that entry of this Order is appropriate pursuant to Federal Rule of Civil Procedure 26(c).

During the course of this litigation, it may be necessary for the Parties or their attorneys to disclose protected health information of Plaintiff, Devonte Lindsey, as that term is defined under

the Health Insurance Accountability and Portability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act. **THEREFORE:**

(a) All protected health information disclosed by any healthcare providers to these Parties shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in the case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b) Protected health information pursuant to this Protective Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse;

(c) Protected health information may be disclosed without further notice by any covered entity, hybrid entity, or healthcare provider to:

(1) The Parties, the Parties' attorneys, experts, consultants, any witness retained or called by the Parties, treating physicians, healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third-party administrators for any of those involved in activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, as well as the support staff of all of the above.

(2) The Parties and each entity governed by this Order shall either destroy or return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in Paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is otherwise maintained in a secure environment.

**SO ORDERED.**

**DATED: December 17, 2018**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**